**Electronically Filed
Intermediate Court of Appeals
30153
07-MAR-2011
08:17 AM**

NO. 30153

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


FRANK DE GIACOMO, Petitioner-Appellant, v.
DOTTIE J. BROWN, Respondent-Appellee


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1SS09-1-1100)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Petitioner-Appellant Frank De Giacomo (De Giacomo) appeals from the December 23, 2009 Judgment entered by District Court of the First Circuit, Honolulu Division (district court).[1]

On appeal, De Giacomo raises the following points of error:  (1) the district court violated his procedural due process rights under the state and federal constitutions by not holding a hearing on Respondent-Appellee Dottie J. Brown's (Brown) motion for costs and fees; (2) the facts did not support the award of attorney's fees; (3) the district court "erred in sanctioning an illegal contract;" and (4) the district court erred in "not dismissing the motion for attorney [sic] fees based

---

[1]  The Honorable Hilary Benson Gangnes presided.

on public policy grounds." Brown responds by arguing this court lacks jurisdiction to consider De Giacomo's appeal.

After a careful review of the record, the issues raised on appeal, the parties' arguments in support and in opposition and the applicable law, we resolve this appeal as follows:

This court has jurisdiction over this premature appeal. De Giacomo filed his notice of appeal on November 2, 2009, stating that the district court had denied De Giacomo's petition for a "temporary restraining order," Brown's counsel orally moved for sanctions, the district court awarded sanctions, and "[De Giacomo] prays that the Court will reverse the order for sanctions." On December 23, 2009, the district court entered its Judgment in the amount of $750 in favor of Brown and stated that "DeGiacomo's Petition for TRO was denied at TRO hearing on October 1, 2009." Hawai'i Rules of Appellate Procedure (HRAP) Rule 4[2] allows the filing of a notice of appeal in advance of the entry of the judgment.

1. Contrary to his stated point of error that no hearing was held on Brown's motion for costs and fees, De Giacomo argues in support of this point that the district court denied his motion to waive the cost of the "cds" of the hearing and would not allow him to "transcribe the matters directly off [the court's] computers." However, De Giacomo cites to no authority,

---

[2]     HRAP Rule 4 provides, in pertinent part,

    (a)  *Appeals in civil cases*.

       (1)  TIME AND PLACE OF FILING.  When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.

      .  .  .  .

       (2)  PREMATURE FILING OF APPEAL.  If a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal.

and this court is aware of none, that would allow the district court to allow a party to either transcribe proceedings or present the audio recordings of the proceedings to this court as part of the record on appeal. Moreover, as De Giacomo argues that the district court's denial of his requests prevented him from showing making an argument that sufficient evidence in support of his petition was presented to the district court, he would have been required to cause a transcript of the proceedings to be included in the record on appeal. See HRAP Rule 10(b)(3) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.")

2. Similarly, De Giacomo's claim that the "facts" did not support the district court's award of attorney's fees fails as he has not provided us with the record to review his claim. Thus, it is well settled that "'[t]he burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript.'" Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (internal quotation marks and brackets omitted) (quoting Union Bldg. Materials Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)).

3. Likewise, De Giacomo's claim that the district court "sanction[ed] an illegal contract" is dependent on his representations regarding what evidence was and was not presented to the district court is unavailing without a transcript of the proceedings. Id.

4. Finally, De Giacomo argues that the award of attorney's fees to the defendant in a restraining order case is bad public policy. However, that policy choice has been made by the legislature in providing for the award of costs and fees to

the "prevailing party" in a case such as De Giacomo's.   Hawaii
Revised Statutes § 604-10.5(g) (Supp. 2010).

Therefore,

IT IS HEREBY ORDERED that the December 23, 2009
Judgment entered by the District Court of the First Circuit,
Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, March 7, 2011.

On the briefs:


Frank De Giacomo,
Petitioner-Appellant, pro se.

Presiding Judge

William Fenton Sink,
for Respondent-Appellee.

Associate Judge

Associate Judge